IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**SAZERAC COMPANY, INC.,**
a Louisiana corporation,

    **Plaintiff,**

v.      CIVIL ACTION NO. 3-12-cv-79-S

**HOOD RIVER DISTILLERS, INC.,**
an Oregon corporation,

    **Defendant.**

## COMPLAINT

### INTRODUCTION

1. This Lanham Act complaint involves the willful trademark infringement and trade dress infringement by a competitor of Plaintiff using a highly similar trademark and trade dress on and in connection with an identical product, cinnamon whisky, which will imminently be distributed and sold through identical retail outlets to identical purchasers and consumers.

### PARTIES

2. Sazerac Company, Inc. ("Sazerac") is a Louisiana corporation with its principal place of business in New Orleans, Louisiana.

3. On information and belief, Hood River Distillers, Inc. ("HRD") is an Oregon corporation with its principal place of business in Hood River, Oregon.

## JURISDICTION AND VENUE

4. This is an action for federal trademark and trade dress infringement and unfair competition arising under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and common law trademark infringement, and unfair and deceptive trade practices in violation of Kentucky state law.

5. This Court has original jurisdiction over the federal trademark and trade dress infringement and unfair competition claims pursuant to 15 U.S.C. § 1121, 1125, and 28 U.S.C. § 1331 and 1338.

6. Supplemental jurisdiction is proper for the state law claims under 28 U.S.C. § 1367(a) as the claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in the United States District Court for the Western District of Kentucky under 28 U.S.C. § 1391(b) because it is imminent that Defendant's tortious conduct will occur in this district, Defendant conducts regular and systematic business in this district, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTS

8. This case involves Defendant's willful trademark and trade dress infringement of Sazerac's FIRE-component marks (FIREBALL; FIREBALL And Design; FIRE WATER; TASTES LIKE HEAVEN. BURNS LIKE HELL., and FIREBALL CINN-SATION) and Sazerac's proprietary trade dress for its FIREBALL and FIRE WATER spirits, by Defendant's SINFIRE trademark and related product packaging for its SINFIRE cinnamon whisky product.

2

9. Sazerac is a leading distiller of spirits and the namesake of America's first commercially promoted and sold cocktail – the Sazerac Cocktail. Sazerac produces a variety of distilled spirits, including vodka, whiskeys, and liqueurs. Sazerac's FIREBALL cinnamon whisky, the top selling cinnamon whisky in North America, and Sazerac's FIRE WATER hot cinnamon liqueur are the subject of this action.

10. Sazerac owns and operates three distilleries within the State of Kentucky: The Buffalo Trace Distillery and the Barton 1792 Distillery, both located along the bourbon trail in Frankfort and Bardstown, respectively, and The Glenmore Distillery, located in Owensboro.

11. Sazerac's FIREBALL cinnamon whisky is bottled and labeled in Montreal, Canada and Kentucky.

12. Since 2007, Sazerac has produced, marketed and distributed a cinnamon whisky under the FIREBALL mark. Sazerac's FIREBALL cinnamon whisky is golden brown in color and is marketed in a clear flask-shaped bottle carrying an orange label that bears the image of a red fire-breathing devil creature with a serpent-like tongue and flames shooting off the back of its head and a long serpent-like tail. Above the devil creature, "FIREBALL" is displayed in black and red block font. The edges of the label are designed to appear to have been singed with fire and include burn holes. The neck label is orange with a "singed" base and displays a red flaming fireball. The dominant color combination for the product package is black, red, and orange. The combination of Sazerac's product packaging for its FIREBALL cinnamon whisky is distinct. The distinctive appearance of the bottle and label used to market FIREBALL is hereinafter referred to as the "FIREBALL Trade Dress." An image of the FIREBALL Trade Dress is attached hereto as Exhibit A.

3

13.  Sazerac promotes its FIREBALL whisky under the TASTE LIKE HEAVEN. BURNS LIKE HELL. trademark.

14.  The FIREBALL trademarks, bottle label, and marketing indicia create a commercial impression comprised of flames and burning as well as demon/hell imagery. The FIREBALL product is marketed as a "challenge shot" or an "I dare you to try it" category beverage and is accordingly, targeted to the adult demographic who enjoy ordering and drinking these types of beverages.

15.  Sazerac uses its FIREBALL CINN-SATION mark in connection with a FIREBALL whisky drink recipe that is promoted online and at bars. The mark, which is a word-play between "Sen[sation]," "Cinn[amon]," and "Sin," reiterates the brand's sinful, hellish theme. The FIREBALL CINN-SATION mark is used on "recipe sheets" distributed to the FIREBALL whisky sales force. Members of Sazerac's sales force frequently pass on the "recipe sheets" to bartenders and liquor store retailers who sell the FIREBALL product as part of their in-field promotion of the FIREBALL brand.

16.  The FIREBALL CINN-SATION mark is also displayed in press packets distributed to bloggers, newspaper and magazine reporters, and various companies and groups within the spirits industry via Sazerac's public relations agency.

17.  The FIREBALL brand "sin" theme has also been emphasized through live music concerts and night clubs (where the FIREBALL product is served) and online media promotions. The rock music group *Cincinnati Sinners* created a music video for their song "Fireball" dedicated to the FIREBALL Whisky product and originally posted the video on YouTube® in November 2010. Portions of the *Cincinnati Sinners'* song and music video, which incorporates the FIREBALL label

4

and fire-breathing devil character, have been used by Sazerac on the fireballwhisky.com web site, and its Facebook® product site, to promote the FIREBALL brand.

18. Sazerac first used the FIREBALL mark in 1999 in Canada in connection with a spicy cinnamon flavored whisky and expanded the FIREBALL brand to the United States with the current cinnamon whisky product in 2007.

19. Sazerac produces and markets a cinnamon liqueur under the FIRE WATER brand. The FIRE WATER product is marketed and sold in a black bottle covered with a shrink-label that bears the image of red and orange flames rising 360° from the bottom of the bottle. Above the flames, the mark FIRE WATER is displayed in silver and red font. Above the mark FIRE WATER, there is a red part dragon, part serpent-like creature breathing fire. The dominant color combination for the product package is black, red, and orange. The distinctive appearance of the bottle and label used to market FIRE WATER is hereinafter referred to as the "FIRE WATER Trade Dress." An image of the FIRE WATER Trade Dress is attached as Exhibit B.

20. Sazerac and its predecessor-in-interest have made bona fide and continuous use in interstate commerce of its FIRE WATER mark since at least 1991.

21. Sazerac owns the following federally-registered trademarks for its FIRE-component marks:

- The incontestable registration for FIREBALL (Reg. No. 2,852,432), issued June 15, 2004, for liqueurs;
- FIREBALL (Reg. No. 3,550,110), issued December 23, 2008, for whisky;

- FIREBALL And Design (Reg. No. 3,734,227), issued January 5, 2010, for whiskey;

- The incontestable registration for FIRE WATER (Reg. No. 1,819,150), issued February 1, 1994, for liqueur; and

- TASTES LIKE HEAVEN. BURNS LIKE HELL. (Reg. No. 3,714,292), issued November 24, 2009, for whiskey;

collectively, and including Sazerac's FIREBALL CINN-SATION common law mark, defined as the "FIRE Marks."

22. Over the years, Sazerac's FIREBALL cinnamon whisky has been recognized for its excellence. Some of these awards include a bronze medal at the International Wine & Spirits 2007 Competition and a gold medal at the San Francisco World Spirits Competition in 2010.

23. Sazerac's FIREBALL and FIRE WATER products are marketed and distributed throughout the United States, Canada, and Europe.

24. The FIRE Marks and the FIREBALL Trade Dress and FIRE WATER Trade Dress are strong source identifiers by virtue of their long use, extensive promotion, and acquired distinctiveness.

25. By virtue of its use and registration, Sazerac has the exclusive right to use the FIRE Marks and FIREBALL Trade Dress and FIRE WATER Trade Dress and any marks or trade dress confusingly similar thereto in commerce in connection with distilled spirits.

26. On August 17, 2011, Defendant filed an intent-to-use trademark application with the U.S. Patent and Trademark Office (Serial No. 85/400,560) for SINFIRE for "Distilled Spirits" - goods identical to those covered by Sazerac's FIRE Marks.

27. Defendant applied for a Certificate/Exemption of Label/Bottle Approval ("COLA") for its SINFIRE cinnamon whisky label with the United States Alcohol and Tobacco Tax and Trade Bureau, which was approved on December 16, 2011. A copy of the COLA is attached hereto as Exhibit C.

28. Defendant advertises its SINFIRE cinnamon whisky on its website, which also includes a press release dated January 30, 2012 stating that its SINFIRE cinnamon whisky will be "[a]vailable for national distribution in February 2012." Print outs of Defendant's website are attached hereto as Exhibit D.

29. On information and belief, Defendant currently markets and distributes its PENDLETON Whisky, PENDLETON 1910 Whisky, BROKER'S American Blended Whiskey, and several of its other distilled spirit product lines throughout the United States, and specifically, in Louisville, Kentucky.

30. Defendant's COLA and website identify the bottle and label under which it will offer its SINFIRE cinnamon whisky. The whisky is golden brown in color and is bottled in a clear flask-like bottle with red and orange flames arising from the bottom of a large black stylized "S." The "S" has a curly serpent-like tongue extending from the head of the letter, and a pointed devil's tail at the lower end of the letter emerging from the flames. "SINFIRE" is displayed in block font directly under the flames where the word "SIN" is in black and the word "FIRE" in red. The dominant color

combination for the product package is black, red, and orange. The bottle and label used to market SINFIRE cinnamon whisky is hereinafter referred to as the "SINFIRE Trade Dress."

31. Defendant adopted and began use of its SINFIRE mark and SINFIRE Trade Dress for cinnamon whisky well after Sazerac's rights to the FIRE Marks and FIREBALL Trade Dress and FIRE WATER Trade Dress vested.

32. Defendant's SINFIRE cinnamon whisky is in direct competition with the FIREBALL and FIRE WATER products, and, on information and belief, its nationwide distribution and sale are imminent and impending.

33. On information and belief, Defendant promotes and intends to market the SINFIRE product as a "challenge shot" or an "I dare you to try it" category beverage, to the identical consumer demographic for Sazerac's FIREBALL cinnamon whisky.

34. Defendant is familiar with Sazerac's FIREBALL and FIRE WATER products.

35. The SINFIRE mark and SINFIRE Trade Dress and the FIRE Marks, FIREBALL Trade Dress and FIRE WATER Trade Dress are used in connection with identical goods, namely, cinnamon flavored liquor, specifically, shot drinks, commonly referred to within the trade as "shooters."

36. On information and belief, Sazerac's FIREBALL and FIRE WATER products and Defendant's SINFIRE product will employ identical retail outlets—for example, liquor stores, restaurants, bars, hotels, and online retail sites. On information and belief, Sazerac's products and Defendant's SINFIRE product will be purchased by the bottle or by the glass by identical purchasers — buyers and consumers of cinnamon flavored shot drinks.

37. The SINFIRE mark is likely to be confused with and mistaken for Sazerac's FIRE Marks because the SINFIRE mark is similar in sight, sound, and meaning to Sazerac's FIRE Marks.

38. The SINFIRE Trade Dress is likely to be confused with and mistaken for Sazerac's FIREBALL Trade Dress due to the shared depictions of fire, demonic creatures, and other graphics suggestive of "hell" and "sin" compounded by the dominant color combination of black, red, and orange for the product packaging.

39. The SINFIRE Trade Dress is likely to be confused with and mistaken for Sazerac's FIRE WATER Trade Dress due to the shared depictions of fire, serpent-like creatures, and other graphics suggestive of "hell" and "sin" compounded by the dominant color combination of black, red, and orange for the product packaging.

40. On information and belief, Defendant adopted and will use the SINFIRE mark and SINFIRE Trade Dress in commerce with the willful intent to trade off of Sazerac's goodwill and reputation by associating its SINFIRE cinnamon whisky with Sazerac's FIREBALL cinnamon whisky, to create a likelihood of consumer confusion in the marketplace.

41. On information and belief, and as evidenced through online media such as the Twitter® social network, Defendant intentionally adopted a confusingly similar trademark and trade dress for its identical cinnamon whisky product to specifically target Sazerac's FIREBALL whisky and the consumers of Sazerac's FIREBALL whisky.

42. Defendant's use of the SINFIRE mark and SINFIRE Trade Dress will likely confuse or mislead consumers to believe Defendant's cinnamon whisky originates from Sazerac or to assume that Defendant is affiliated with, or endorsed by, Sazerac.

9

43. Defendant's trademark and trade dress infringement is willful. Defendant had constructive knowledge of Sazerac's FIREBALL marks and FIRE WATER marks based on Sazerac's federal registrations (*see* Exhibit E) and, on information and belief, Defendant had actual knowledge of Sazerac's cinnamon shot drinks marketed and sold under the FIRE Marks and FIREBALL and FIRE WATER Trade Dress based on their dominance in the cinnamon flavored shooter market.

44. Defendant had actual knowledge of the FIRE Marks and Trade Dress at least as early as January 12, 2012, the date they first contacted Sazerac's counsel in response to the trademark cease and desist letter (*See* Exhibit F, Sazerac's cease and desist letter of December 27, 2011 and counsel for Defendant's response of January 12, 2012). Despite its actual knowledge of the FIRE Marks, FIREBALL Trade Dress, and FIRE WATER Trade Dress, Defendant released a press release on January 30, 2012 announcing the launch of its SINFIRE cinnamon whisky in February 2012 (*See* Exhibit D at 4).

### FIRST CLAIM FOR RELIEF – TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1114

45. Sazerac realleges Paragraphs 1 through 44 of the Complaint.

46. Sazerac is the owner of U.S. trademark Registration Nos. 2,852,432; 3,550,110; 3,734,227; 1,819,150; and 3,714,292.

47. Defendant is not authorized to use Sazerac's registered marks or any mark confusingly similar or that in any way represents or implies that Defendant's goods are in any way associated with Sazerac.

48. Defendant's contemporaneous use of its SINFIRE mark is likely to confuse consumers into believing that the goods offered by Defendant originate from, are authorized by, or are somehow affiliated with, Sazerac.

49. Defendant intentionally and knowingly infringes Sazerac's trademark rights.

50. Upon information and belief, Defendant's infringing activities are likely to cause Sazerac to lose control of its hard-earned reputation, to damage Sazerac's reputation and goodwill among consumers, and to divert sales and opportunities away from Sazerac and to Defendant.

51. Defendant is therefore infringing Sazerac's rights in violation of 15 U.S.C. § 1114 and will cause irreparable harm to Sazerac by the infringement and Sazerac has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF –
## FEDERAL UNFAIR COMPETITION
## 15 U.S.C. § 1125(a)

52. Sazerac realleges Paragraphs 1 through 51 of the Complaint.

53. Sazerac has been using its FIREBALL mark on and in connection with cinnamon whisky in interstate commerce since 2007 and has developed substantial goodwill in this mark in Sazerac's common law territory, the entire United States, prior to Defendant's adoption and use of the SINFIRE mark in commerce.

54. Sazerac and its predecessor-in-interest have been using its FIRE WATER mark in conjunction with cinnamon flavored liqueur in interstate commerce since 1991 and have developed substantial goodwill in this mark in Sazerac's common law territory, the entire United States, prior to Defendant's adoption and use of the SINFIRE mark in interstate commerce.

11

55. Defendant's use of its SINFIRE mark in interstate commerce in competition against Sazerac is likely to cause mistake, and/or to deceive as to an affiliation, connection, or association of Defendant with Sazerac, and/or as to the origin, sponsorship, and/or approval by Sazerac of Defendant's goods or commercial activities related to Defendant's whisky products.

56. Defendant is therefore engaged in unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a) and has caused Sazerac irreparable harm by the infringement and Sazerac has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF –
### FEDERAL TRADE DRESS INFRINGEMENT
### 15 U.S.C. §1125(a)

57. Sazerac realleges Paragraphs 1 through 56 of its Complaint.

58. Sazerac utilizes a distinctive trade dress, the FIREBALL Trade Dress, to market its FIREBALL cinnamon whisky.

59. Sazerac utilizes a distinctive trade dress, the FIRE WATER Trade Dress, to market its FIRE WATER cinnamon liqueur.

60. Defendant is not authorized to use Sazerac's FIREBALL Trade Dress or FIRE WATER Trade Dress or any trade dress confusingly similar or that in any way represents or implies that Defendant's goods are in any way associated with Sazerac.

61. Defendant's contemporaneous use of the SINFIRE Trade Dress for cinnamon whisky is likely to confuse consumers into believing that the goods offered by Defendant originate from, are authorized by, or are somehow affiliated with, Sazerac.

62. Defendant intentionally and knowingly infringed Sazerac's trade dress rights.

63. Defendant's infringing activities are likely to cause Sazerac to lose control of its hard-earned reputation, to damage Sazerac's reputation and goodwill among consumers, and to divert

sales and opportunities away from Sazerac and to Defendant.

64. Defendant is therefore infringing Sazerac's rights in violation of 15 U.S.C. § 1125(a) and has caused irreparable harm to Sazerac by the infringement and Sazerac has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF -**
**COMMON LAW TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND PASSING OFF**

65. Sazerac realleges Paragraphs 1 through 64 of the Complaint.

66. Sazerac owns common law trademark rights in its FIRE Marks and FIREBALL Trade Dress and FIRE WATER Trade Dress and any such rights owned by Sazerac are superior to any rights that the Defendant may claim to have in the SINFIRE mark and SIN FIRE Trade Dress.

67. Defendant's unauthorized use of the FIRE Marks and FIREBALL Trade Dress and FIRE WATER Trade Dress and/or confusingly similar variations thereof, in connection with cinnamon whisky is likely to cause confusion in the trade as to the source or sponsorship of the goods, and likely to lead the public to believe Sazerac is in some way connected to Defendant, and is likely to mislead persons in the ordinary course of purchasing Defendant's goods and induce them to believe they are purchasing genuine goods of Sazerac, thereby injuring the reputation and goodwill and unjustly diverting from Sazerac to Defendant the benefits arising therefrom.

68. Defendant's unlawful activities constitute trademark infringement, unfair competition, and passing off as proscribed by the laws of the Commonwealth of Kentucky.

69. Defendant's acts of trademark infringement, unfair competition, and passing off were committed and are continuing to be committed willfully, knowingly, intentionally and in bad faith.

70. Defendant's acts of trademark infringement, unfair competition, and passing off, unless enjoined by this Court, will cause Sazerac irreparable damage, loss, and injury for which Sazerac has no adequate remedy at law.

### PRAYER FOR RELIEF

A. Defendant, its employees, representatives, and agents be permanently enjoined from using the SINFIRE mark and SINFIRE Trade Dress, or any marks, designs or graphics confusingly similar to the FIRE Marks and/or FIREBALL Trade Dress and/or FIRE WATER Trade Dress in conjunction with the marketing, distribution, and sale of distilled spirits and related services;

B. Defendant be ordered to publish for a period of not less than twelve months corrective advertising in all media in which the infringing marks had been published, explaining to customers that Defendant and its SINFIRE mark was not and is not affiliated with or endorsed by Sazerac;

C. The Court grant any and all relief to which Sazerac may be entitled pursuant to the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, to include treble damages and Sazerac's attorneys' fees;

D. The Court disallow registration of trademark Serial No. 85/400,560;

E. The Court grant any and all relief to which Sazerac may be entitled pursuant to state law, including state common law, to include enhanced damages and attorneys' fees;

F. The costs of this action be taxed against Defendant; and

G. The Court grant Sazerac such other and further relief as the Court may deem just and proper.

14

**JURY DEMAND**

Plaintiff Sazerac Company, Inc. demands trial to a jury on all issues so triable.

Dated:  February 10, 2012

/s/ Scott P. Zoppoth
Scott P. Zoppoth
**The Zoppoth Law Firm**
1600 Kentucky Home Life Building
239 South Fifth Street
Louisville, KY 40202
Telephone: (502) 568-8884
Fax: (502) 568-1319
spz@zoplaw.com

Peter J. Willsey
pwillsey@cooley.com
**Cooley LLP**
777 6th Street, NW, Ste 1100
Washington, D.C. 20001
Telephone: (202) 842-7800
Fax: (202) 842-7899

Todd S. Bontemps
tbontemps@cooley.com
Lori F. Mayall
lmayall@cooley.com
**Cooley LLP**
5 Palo Alto Sq., 3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000
Fax: (650) 849-7400

Attorneys for Plaintiff **Sazerac Company, Inc.**